IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELYSSA HORNER, *individually and on behalf of all those similarly situated,* <br> 130 Liverpool Avenue, 2F <br> Egg Harbor City, NJ 08215 <br><br> Plaintiff, <br> v. <br><br> OCEANFIRST BANK, N.A. <br> 975 Hooper Avenue <br> Toms River, NJ 08753 <br><br> and <br><br> JOHN DOES 1-10 <br> c/o OCEANFIRST BANK, N.A. <br> 975 Hooper Avenue <br> Toms River, NJ 08753 <br><br> Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA <br><br> INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND WAGES UNDER NEW JERSEY STATE LAW <br><br><br> No. <br><br> **JURY TRIAL DEMANDED** |

## **INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION CIVIL COMPLAINT**

Named Plaintiff Elyssa Horner (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendants OceanFirst Bank, N.A. and John Does 1-10 (hereinafter collectively referred to as "Defendants").

### **INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA.

### **JURISDICTION AND VENUE**

1

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant OceanFirst Bank is a company doing business in New Jersey at various locations including at the address set forth above.

9. Defendants John Doe 1 through John Doe 5 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and those similarly situated proper compensation pursuant to the FLSA and/or NJWHL.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and those similarly situated.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all tellers and other similar non-exempt employees presently and formerly employed by Defendants subject to Defendants' pay practices and policies described herein and who worked for Defendants at any point during the three years preceding the date the instant action was initiated (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

13. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendants within the last three years whom Defendants failed to properly pay at least one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act ("FLSA").

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

17. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18. Named Plaintiff brings her claims asserting violations of the New Jersey Wage and Hour Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants as tellers and/or in other non-exempt, hourly positions, who are or were subject to Defendants' pay practices and policies described herein at any point from the two years prior to the date that the instant action was initiated through the present (the members of this putative class are also referred to as "Class Plaintiffs").

19. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

20. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendants.

21. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

22.     Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

23.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

25.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants failed to properly calculate overtime wages owed to Named Plaintiff and Class Plaintiffs due to Defendants' exclusion of renumeration from the regular rate.

## FACTUAL BACKGROUND

26.     The foregoing paragraphs are incorporated herein as if set forth in full.

27.     In or around October 2015, Cape Bank hired Named Plaintiff as a teller.

28. In or around 2016, Defendant OceanFirst Bank acquired Cape Bank.

29. Thereafter, Named Plaintiff continued to work for Defendants as a teller until on or around January 3, 2019.

30. Throughout Named Plaintiff's employment, Defendants paid her an hourly rate.

31. Collective Plaintiffs and Class Plaintiffs worked/work for Defendants as tellers and/or in other non-exempt, hourly positions subject to Defendants' practices and policies described herein.

32. Defendants paid/pay Collective Plaintiffs and Class Plaintiffs an hourly rate.

33. During the time period from two (2) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which her aggregate work hours, including both the time recorded by Defendants and the off-the-clock time she worked as alleged herein, exceeded forty (40) hours.

34. During the time period from three (3) years prior to the filing of the instant action through the present, Collective Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendants and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

35. During the time period from two (2) years prior to the filing of the instant action through the present, Class Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendants and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

**Unpaid Pre-Shift Time**

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. Defendants' policies required/require that two employees open the bank each day the bank is open for business.

38. Defendants routinely required/require Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to assist in opening the bank branch where they were employed.

39. Per Defendants' policies and procedures, the employees who are/were assigned to open the bank, including Plaintiffs, are/were required to engage in significant pre-shift security procedures, both inside and outside the building, prior to being permitted to clock-in.[1]

40. Once the security procedures are completed, Plaintiffs are/were required to turn on their computer, wait for the computer to boot-up, open the internet homepage, wait for the ADP webpage to load, log into ADP, which permitted/permits them to clock-in, and then clock-in.

41. None of the time Plaintiffs spent/spend engaging in any of these pre-shift activities prior to clocking-in is paid by Defendants; all such work was performed "off-the-clock."

42. Defendants paid Plaintiffs only for the time they are/were clocked into work.

43. Much of this uncompensated time consists of time worked in excess of 40 hours per workweek, and accordingly, by failing to pay Plaintiffs for this time, Defendants have failed to pay proper overtime compensation.

44. The aforementioned conduct has caused Plaintiffs to suffer damages.

---

[1] Named Plaintiff has opted not to explicitly list each security procedure which Defendants require/required because doing so could potentially expose Defendant OceanFirst Bank to security risks. Should this Court or Defendants seek Named Plaintiff to provide more detailed information regarding the pre-shift activities, Named PlaintIff is prepared to do so.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
(Named Plaintiff and Collective Plaintiffs v. Defendants)
**Failure to Pay Overtime**

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Defendants are/were employers within the meaning of the FLSA.

47. At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

48. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

49. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours per workweek.

50. Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs all overtime wages earned for hours spent performing pre-shift activities.

51. Defendants' conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

52. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
(Named Plaintiff and Class Plaintiffs v. Defendants)
**Failure to Pay Overtime**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendants were and continue to be employers within the meaning of the NJWHL.

55. At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiff and Class Plaintiffs.

56. At all times relevant herein, Named Plaintiff and Class Plaintiffs are/were employed with Defendants as "employees" within the meaning of the NJWHL.

57. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her base rate for each hour worked in excess of forty hours per workweek.

58. Defendants' violations of the NJWHL include, but are not limited to, not paying Named Plaintiff and Class Plaintiffs all overtime wages earned for hours spent performing pre-shift activities.

59. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs should be accorded those benefits illegally withheld;

(2) Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(3) Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(4) Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' claims are to receive a trial by jury.

          Respectfully Submitted,

          */s/ Carley A. Doyle*
          Carley A. Doyle, Esq.
          Matthew D. Miller, Esq.
          Justin L. Swidler, Esq.
          Richard S. Swartz, Esq.
          **SWARTZ SWIDLER, LLC**
          1101 Kings Highway N., Suite 402
          Cherry Hill, NJ 08034
          Phone: (856) 685-7420
          Fax: (856) 685-7417

Date:  March 18, 2019