# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELYSSA HORNER, *individually and on behalf of those similarly situated,*<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OCEANFIRST BANK, N.A., et al.,<br><br>　　　　　　　　　　DefendantS. | No. 3:19-cv-08711-GC-TJB<br><br>**DECLARATION OF JEFFREY D. JOHNSON REGARDING THE NOTICE PLAN IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:　　　July 18, 2023<br>Time:　　　11:00 a.m.<br>Courtroom:　6E<br>Judge:　　　Hon. Tonianne J. Bongiovanni |

I, Jeffrey D. Johnson, being first duly sworn, hereby depose and state:

1.　　I am the Vice President of CAC Services Group, LLC ("CAC"), located at 6420 Flying Cloud Dr, Suite 101, Eden Prairie, MN. I am over twenty-one (21) years of age, and I am not a party to the above-captioned action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.　　CAC provides a comprehensive range of class and collective action claims administration services. CAC has extensive experience in data processing and acting as third-party administrator in class actions throughout the country.

3.　　CAC's class action administration services include: coordination of all notice requirements; design of direct-mail notice, publication of summary notice, emailing notice packets and claim forms; coordination with the U.S. Postal Service; database management; website hosting and management; claims processing; fund management and distribution; and preparation of reports describing notice programs and claims processing.

4.　　CAC was retained to act as the Claims Administrator for this action and to date has provided the following services for the above-captioned action:

　　　　a.　**Develop and execute a notice program targeting potential Settlement Class**

**Members, as defined in the Settlement Agreement:**

*Settlement Class Member Definition:*

*All individuals who worked for OceanFirst at retail branches as non-exempt, hourly employees and received wages on a pay date that occurred between March 18, 2013, and August 30, 2019, for a workweek.*

5. In regard to the notice program, CAC implemented the following notice plan:

    a. Direct notice by first-class mail to all Settlement Class Members whose names and addresses were provided by Plaintiff Counsel.

6. To provide direct and timely notice by first-class mail, CAC performed the following:

    a. On May 1, 2023, CAC received from the Plaintiff Counsel an electronic list of eight hundred fifteen (815) persons identified as Class Members. Plaintiff Counsel provided the following information for each Class Member: name, last known mailing address, and weeks worked. Member Lists were updated using the National Change of Address system (NCOA), which updates the addresses for all persons who had moved in the previous four years and who had filed a change of address with the U.S. Postal Service;

    b. On May 5, 2023, the Notice of Proposed Class Action Settlement was printed, personalized, and inserted into a #10 window envelope (the "Notice"). The Notice Packet is attached hereto as Exhibit "1";

    c. On May 5, 2023, eight hundred fifteen (815) Notice Packets, comporting with each of the individuals listed on the Settlement Class Member List, were mailed, using first-class postage, at the U.S. Post Office in Eden Prairie, Minnesota.

7. As of the date of this Declaration one (1) Notice Packets was returned to CAC by the U.S. Postal Service with forwarding addresses. CAC updated the address in our database and mailed another Notice to the Class Member.

8. As of the date of this Declaration, forty-three (43) Notice Packets have been returned to CAC

by the U.S. Postal Service without a forwarding address. For these Notices Packets, an address search was completed resulting in twenty-four (24) new addresses. The Settlement Class Member List was subsequently updated with the new addresses and a Notice Packet was re-mailed to these Settlement Class Members at each of the new addresses. As a result of a good faith effort to re-mail return for non-delivery mail, nineteen (19) Notice Packets remain classified as undeliverable.

9. As of the date of this Declaration, CAC has received two (2) Requests for Exclusion.

10. As of the date of this Declaration, CAC has received zero (0) Objections.

11. It is my opinion that the above-described notice program is adequate and reasonable under the circumstances. The notice program is consistent with standards previously employed by CAC in notification programs designed to reach known members of settlement groups or classes. Additionally, the implemented notice program is fully compliant with the notice requirements established by New Jersey law, as well as the parties' Settlement Agreement and the prior Order of this Court.

12. Finally, if the settlement is approved by the Court, CAC will make all payment distributions from the Gross Settlement Sum in accordance with terms of the Settlement Agreement or as is otherwise ordered by the Court.

13. CAC's costs associated with the settlement administration of this matter are $9,695.35. This includes all costs incurred to date, as well as estimated costs involved in completing the settlement distribution.

I declare under penalty of perjury under the laws of the State of New Jersey that the foregoing is true and correct. Executed this 6th day of July, 2023.

_____
Jeffrey D. Johnson

# EXHIBIT 1:

➢ Notice of Class and Collective Action Settlement

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

&lt;ClaimID&gt; &lt;Barcode&gt;
&lt;FirstName&gt; &lt;LastName&gt;
&lt;Address&gt;
&lt;City&gt; &lt;State&gt; &lt;Zip&gt;

| ELYSSA HORNER, individually and on behalf of all those similarly situated,<br><br>  Plaintiff,<br>v.<br><br>OCEANFIRST BANK, N.A., et al.,<br><br>  Defendant. | No.: 3:19-cv-08711-GC-TJB |
|---|---|

### NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**As a current or former non-exempt, hourly employee of OceanFirst who worked at a retail branch between March 18, 2013 and August 30, 2019, you are eligible to receive a payment pursuant to the settlement of this case.**

The U.S District Court for the District of New Jersey authorized this notice.
This is **not** a solicitation from a lawyer.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **OBTAIN A PAYMENT – DO NOTHING** | If you do nothing and the Court grants final approval of the Settlement, you will receive a settlement payment. |
| **OPT OUT** | If you do not want to participate in the settlement and want to retain your right to sue OceanFirst for claims arising from OceanFirst's alleged failure to pay wages, including overtime, for the alleged performance of compensable work prior to clocking in, including performance of the opening procedures, waiting time, and/or computer boot-up time, during the period between March 18, 2013 and August 30, 2019, you must timely submit a written request to be excluded from the Settlement to the Settlement Administrator, as discussed in Section 5 below. If you timely exclude yourself from the settlement, you will *not* receive a settlement payment. |
| **OBJECT** | If you do not timely opt-out of the Settlement and you object to the settlement, you may write to the Court about why you object to the settlement. If you timely submit a request to exclude yourself from the Settlement, however, you cannot object to the Settlement. More information about objecting is set forth in Section 7 below. |

**PLEASE READ THIS NOTICE CAREFULLY AS IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS.**

### 1. Why did I receive this Notice?

This Notice is being sent to you by Order and under supervision by the U.S. District Court for the District of New Jersey. The purpose of this Notice is: (1) to inform you of the existence of a class action lawsuit filed against OceanFirst Bank, N.A. ("OceanFirst"), *Elyssa Horner v. OceanFirst Bank, N.A., et al..*, No. 19-08711 (D.N.J.) (the "Lawsuit"); (2) to inform you of a settlement that has been preliminarily approved by the Court; (3) to advise you of how your rights may be affected by this lawsuit; and (4) to instruct you on the procedures for objecting to or excluding yourself from the Settlement, if you wish to do so. You have been sent this notice because OceanFirst's employment records indicate that you are an eligible Class Member, because you worked for OceanFirst at a retail branch as non-exempt, hourly employees and received wages on a pay date that occurred between March 18, 2013 and August 30, 2019 (the "Class Period").

The Settlement provides for Class Members receive a portion of a $525,000.00 fund ("Settlement Fund"). The Court will conduct a hearing ("Final Approval Hearing") to determine if the Settlement should be approved.

### 2. What is the Lawsuit about and why did it settle?

The Lawsuit alleges OceanFirst violated wage and hour laws by failing to pay wages to non-exempt employees, including overtime, for performing compensable work prior to clocking in, including the performance of the opening procedures, waiting time, and/or computer boot-up time. OceanFirst denies it violated any laws.

Even though OceanFirst maintains it did not violate any laws, it has decided to settle the Lawsuit. The employees' attorneys, who are referred to as "Class Counsel," believe that the Settlement benefits the Class Members. The Settlement provides a substantial benefit to Class Members and enables Class Members to avoid the risk that Kelsch could prevail on one or more of its defenses, in which case Class Members may recover less money or none at all. The Settlement also enables Class Members to recover money without the delay of protracted litigation.

The Parties' attorneys negotiated the Settlement after an exchange of information, that included a sample of pay and time records of Class Members, written policies regarding opening procedures and timekeeping, and a sample of surveillance footage, which has enabled each side to understand the risks of proceeding with adversarial litigation. Class Counsel believes the proposed Settlement is fair and serves the best interests of the Class Members. The Judge overseeing the Lawsuit has "preliminarily approved" the Settlement as fair. The Judge will make their final decision regarding the fairness of the Settlement at the Final Approval Hearing described in Section 6 below.

### 3. What does the Settlement provide and how much will I receive?

Under the Settlement, OceanFirst has agreed to pay $525,000.00 to resolve all claims asserted in the Lawsuit. The Net Settlement Fund shall be allocated among all Class Members on a *pro rata* basis. The Net Settlement Fund is the $525,000.00 Settlement Fund less any (1) Service Awards to Named Plaintiff Horner and Opt-in Plaintiff Cheeseborough, (2) the $50,000.00 Contingency Fund for correcting administrative errors, (3) all taxes (excluding the employer's share of FICA, FUTA, social security and related applicable state, county, or local taxes), (4) any and all settlement administration fees, and (5) the attorneys' fees and expenses/costs awarded by the Court and paid to Class Counsel.

Your *pro rata* share of the Net Settlement Fund will be based upon the proportion of the number of your pay dates for workweeks in which you worked at least one workday as a non-exempt branch employee for OceanFirst during the Class Period. According to OceanFirst's records, you had <Weeks> Eligible Pay Dates during the Class Period and all Class Members collectively have 86,186 Eligible Pay Dates. Your estimated gross Settlement Award is <Payment>.

Half (50%) of your Settlement Award will be paid in the form of a payroll check less all ordinary payroll taxes and withholdings. This payment will be reported on an IRS Form W2 issued after the end of the tax year. The other half (50%) of your Settlement Award will be paid with no deduction for payroll taxes or withholdings. This payment will be reported on an IRS Form 1099 issued after the end of the tax year.

At the Final Approval Hearing, Class Counsel will apply to receive one-third (33 1/3%) of the Settlement Fund ($175,000.00) for the services they provided and will further seek recovery of out-of-pocket expenses necessarily incurred in litigating and settling the Lawsuit not-to-exceed $5,500.00. This amount will be requested based on the substantial work Class Counsel performed in the Lawsuit and the risk Class Counsel took in bringing the Lawsuit. Class Counsel has conducted extensive investigation in prosecuting the Lawsuit, including, but not limited to, drafting discovery, reviewing and analyzing documents and data related to the claims in the Lawsuit, drafting and filing of motions, and negotiating the Settlement.

At the Final Approval Hearing, Named Plaintiff Elyssa Horner Robinson and Opt-in Plaintiff Kenya Cheeseborough will apply for Service Awards of $7,500.00 and $1,000.00, respectively, which, if approved, will be paid out of the Settlement Fund. The Service Awards are requested because Ms. Robinson and Ms. Cheeseborough provided service to the Class Members by assisting Class Counsel's investigation and formulation of the claims and by bringing the claims forward in the Lawsuit, which was publicly filed. The Service Awards are separate from, and in addition to, the portions of the Net Settlement Fund that Ms. Robinson and Ms. Cheeseborough may receive as a Class Member.

### 4. How to be bound by the settlement and what am I giving up?

Because you are an eligible Class Member, you do not need to take any further action to receive a Settlement Award check, and be bound by, the Settlement. If you do not take any additional action, you will remain a Class Member in the Litigation and will be bound by the Settlement and entitled to a portion of the Net Settlement Fund.

By not excluding yourself from the Settlement, you will be bound by the release found in the Settlement Agreement on file with the Court. Pursuant to that release, you will be releasing any and all from any and all claims including all state and federal wage-and-hour, wage-payment and/or wage collection claims against OceanFirst arising, during the Class Period, from the alleged performance of compensable work prior to clocking in, including performance of the opening procedures, waiting time, and/or computer boot-up time, including, but not limited to, claims under the New Jersey Wage and Hour Law (N.J.S.A. § 34:11-56a, et seq.), the New Jersey Wage Payment Law (N.J.S.A. § 34:11-4.1, et seq.), the New Jersey Wage Collection Law (N.J.S.A. § 34:11-57, et seq.), the New Jersey Earned Sick Leave Act (N.J.S.A. § 34:11D-1, et seq.), the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001, et seq.) and the Fair Labor Standards Act, (29 U.S.C. § 201, et seq.) (the "Claims").

### 5. How do I exclude myself (opt-out) from this settlement?

If you prefer not to be part of the Settlement or to potentially file claims on your own rather than accept the Settlement, you may exclude yourself from the Settlement by emailing or mailing a written request for exclusion to the Settlement Administrator, CAC Services Group, 6420 Flying Cloud Dr Ste 101, Eden Prairie, MN 55344, info@cacsg.com by June 19, 2023, indicating that you wish to be excluded from, or "opt-out" of, the Settlement. If you "opt-out" of the Settlement, you will not receive any portion of the Net Settlement Fund, you will not be bound by the Settlement, and you cannot object to the Settlement at the Final Approval Hearing or at any other time.

### 6. Final approval of settlement at Fairness Hearing.

The Judge presiding over this Lawsuit will conduct a Final Approval Hearing at 11:00 a.m. on July 18, 2023, in Courtroom 6E of the U.S. District Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608. At the Final Approval Hearing, the Judge will decide whether the Settlement is sufficiently fair and

reasonable to warrant final court approval. You are <u>not</u> required or expected to attend the Fairness Hearing. However, you are welcome to attend at your own expense.

### 7. How do I object to the settlement?

If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by submitting a written objection to the Settlement Administrator. In order to object to the Settlement, you must remain a Class Member and not opt-out from the Settlement.

All objection(s) to any part of the Settlement must be signed by you and set forth your address, telephone number, and the name of the Action: *Horner v. OceanFirst Bank, N.A..* (No. 19-08711). All objections must be sent by email or mail to the Settlement Administrator, postmarked (if mailed) or sent (if emailed) no later than June 19, 2023. If you submit a timely objection, you may appear, either personally or through an attorney at your own expense, at the Final Approval Hearing discussed below. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness and adequacy of the proposed Settlement, the payment of the Service Awards, attorneys' fees and litigation costs, and any and all other aspects of the Settlement.

Regardless of whether you file an objection, you will be deemed to have released the Claims against the Kelsch and subject to the release contained in the Settlement Agreement as explained in Section 4 above if the Court approves the Settlement unless you properly request exclusion from the Settlement in accordance with Section 5 above.

### 8. Are there more details about the settlement? What if I have questions?

This Notice summarizes the most important aspects of the Settlement. You can get a copy of the written Settlement Agreement by calling the Settlement Administrator at (866) 602-2260. You may also call Class Counsel with questions regarding the Lawsuit and/or the Settlement. Their Contact information is listed below. Likewise, you may call the Settlement Administrator if you have any questions regarding this Notice.

PLEASE DO NOT CALL THE SUPERIOR COURT OR THE CLERK ABOUT THIS SETTLEMENT.

### 9. Do I have an attorney in this Lawsuit?

The Court has appointed Swartz Swidler, LLC as "Class Counsel" to represent the interests of Class Members in the Lawsuit. Class Counsel will represent you in the Lawsuit and can answer questions for you regarding the Lawsuit and the Settlement. Class Counsel's contact information is below. You also have the right to get your own attorney at your own expense in which case Class Counsel will not represent you in the Lawsuit or Settlement.

| | |
|---|---|
| Matthew D. Miller, Esq. | Website: http://www.swartz-legal.com |
| Justin L. Swidler, Esq. | Phone: (856) 685-7420 |
| Swartz Swidler, LLC | Fax: (856) 685-7417 |
| 9 Tanner Street, Suite 101 | Toll Free: (877) 529-9501 |
| Haddonfield, NJ 08033 | Email: mmiller@swartz-legal.com |